1  **CARLSON LYNCH, LLP**
Todd D. Carpenter (234464)
2  tcarpenter@carlsonlynch.com
1350 Columbia Street, Suite 603
3  San Diego, CA 92101
Tel:   619-762-1910
4  Fax:   619-756-6991

5  **CARLSON LYNCH LLP**
Gary F. Lynch
6  glynch@carlsonlynch.com
Edward W. Ciolko
7  eciolko@carlsonlynch.com
1133 Penn Avenue, 5th Floor
8  Pittsburgh, PA 15222
Tel.:   (412) 322-9243
9  Fax:   (412) 231-0246

10  *Attorneys for Plaintiff and Proposed Class*

11  **UNITED STATES DISTRICT COURT**

12  **CENTRAL DISTRICT OF CALIFORNIA**

13  **WESTERN DIVISION**

| 14 | IBTEHAZ UTSAY, on behalf of himself and all others similarly situated, | Case No.: 2:20-cv-06902 |
|---|---|---|
| 15 | | **CLASS ACTION COMPLAINT** |
| 16 | Plaintiff, | **JURY TRIAL DEMANDED** |
| 17 | v. | |
| 18 | THE CALIFORNIA STATE UNIVERSITY SYSTEM, GOVERNOR GAVIN NEWSON, ELENI KOUNALAKIS, | |
| 19 | ANTHONY RENDON, TONY K. THURMOND, TIMOTHY P. WHITE, | |
| 20 | SILAS ABREGO, LARRY L. ADAMSON, JANE W. CARNEY, ADAM DAY, | |
| 21 | REBECCA D. EISEN, DOUGLAS FAIGIN, DEBRA S. FARAR, JEAN P. | |
| 22 | FIRSTENBERG, WENDA FONG, MARYANA KHAMES, LILLIAN | |
| 23 | KIMBELL, JACK MCGRORY, HUGO N. MORALES, ROMEY SABALIUS, | |
| 24 | LATEEFAH SIMON, CHRISTOPHER STEINHAUSER, and PETER J. TAYLOR, | |
| 25 | | |
| 26 | Defendants. | |

27

28

Plaintiff, Ibtehaz Utsay ("Plaintiff"), by and through his undersigned counsel and, on behalf of himself and the proposed class, brings this class action against Defendants, the California State University System (the "System"), and Governor Gavin Newsom, Eleni Kounalakis, Anthony Rendon, Tony K. Thurmond, Timothy P. White, Silas Abrego, Larry L. Adamson, Jane W. Carney, Adam Day, Rebecca D. Eisen, Douglas Faigin, Debra S. Farar, Jean P. Firstenberg, Wenda Fong, Maryana Khames, Lillian Kimbell, Jack McGrory, Hugo N. Morales, Romey Sabalius, Lateefah Simon, Christopher Steinhauser, and Peter J. Taylor in their individuals capacities as members of the Board of Trustees of the System (collectively, the "Board" and, collectively with the System, "Defendants"), and alleges as follows based upon information and belief, except as to the allegations specifically pertaining to him, which are based on personal knowledge.

## NATURE OF THE ACTION

1.     This is a Class Action Complaint on behalf of all persons who paid tuition and/or fees to attend one of the Universities[1] overseen by Board (collectively, the "Universities"), for an in-person, hands-on education for the Spring 2020 semester, Summer 2020 semester, and any future semester where their course work moved to online learning. Such persons paid, or will pay, all or part of the tuition for this semester and mandatory student fees that varied widely by university and campus (collectively the "Mandatory Fees").

2.     The Universities have not refunded any amount of the tuition or any portion of the Mandatory Fees, even though it has implemented online distance learning since mid-March 2020.

---

[1] CSU-Bakersfield, CSU-Channel Islands, CSU-Chico, CSU-Dominguez Hills, CSU-East Bay, CSU-Fresno, CSU-Fullerton, Humboldt State, CSU-Long Beach, CSU-Los Angeles, Cal Poly Pomona, CSU-Sacramento, CSU-San Bernardino, San Diego State, San Francisco State, San Jose State, Cal Poly San Luis Obispo, CSU-San Marcos, Sonoma State, and CSU-Stanislaus.

3.     Because of the Board's response to the Coronavirus Disease 2019 ("COVID-19") pandemic, by mid-March, the Universities ceased or severely limited any of the services or facilities the Mandatory Fees were intended to cover.

4.     As a result, the Universities unlawfully seized and are in possession of property (funds) of the Plaintiff and Class members in the form of paid tuition and Mandatory Fees.

5.     The Universities failure to provide the services for which tuition and the Mandatory Fees were intended to cover since approximately mid-March is a breach of the contracts between the Universities and Plaintiff and the members of the Class, and is unjust.

6.     In short, as to tuition, Plaintiff and the members of the Class have paid tuition for a first-rate education and educational experience, with all the appurtenant benefits offered by a first-rate university, and were provided a materially deficient and insufficient alternative, which constitutes a breach of the contracts entered into by Plaintiff and the Class with the Universities.   As said in New York Magazine, "*Universities are still in a period of consensual hallucination with each saying, 'We're going to maintain these prices for what has become, overnight, a dramatically less compelling product offering.*'"[2]

7.     As to the Mandatory Fees, Plaintiff and the Class have paid fees for services and facilities which were simply not provided; this failure also constitutes a breach of the contracts entered into by Plaintiff and the Class with the Universities.

8.     Plaintiff seeks, for himself and Class members, the Universities' disgorgement and/or appropriate compensatory damages in return of the pro-rated portion of its tuition and Mandatory Fees, proportionate to the amount of time that remained in the Spring semester 2020, Summer semester 2020, and any future semesters

---

[2] James D. Walsh, "The Coming Disruption," New York Magazine, May 11, 2020, available at https://nymag.com/intelligencer/2020/05/scott-galloway-future-of-college.html?utm_source=fb (site last visited June 9, 2020).

CLASS ACTION COMPLAINT

when the Universities switched to online distance learning, strongly encouraged students to leave campus, and closed or ceased access to facilities and services.

## PROCEDURE

9.      Prior to bringing this action, on July 30, 2020, Plaintiff served a Notice of Claim to the Board on behalf of himself and the Class as defined herein pursuant to the California Torts Claim Act. A copy of the Notice of Claim is attached hereto as **Exhibit A.**

10.     Plaintiff fully expects Defendants to reject the claims set forth in the Notice of Claim, which rejection allows the claims herein to be filed with this Court.

11.     Plaintiff's counsel has also sent requests under the California Public Records Act to the Board and each of the individual Universities in order to, *inter alia*, gain access to the internal communications regarding issuing potential refunds and reimbursements to the students, and the ultimate denial of the same. If any information received proves fruitful, we shall amend the Complaint to incorporate the same.

## PARTIES

12.     Plaintiff Ibtehaz Utsay is a citizen of California. He paid to attend the Spring 2020 semester at California State University-Northridge ("Northridge Campus") as a full-time undergraduate student.

13.     Plaintiff paid tuition and the Mandatory Fees for the Spring 2020 semester to enable him to obtain an in-person, on-campus educational experience, and enable him to participate in the activities and to utilize the services covered by the Mandatory Fees that he paid.

14.     He has not been provided a pro-rated refund of the tuition for his in-person classes that were discontinued and moved online, or any of the Mandatory Fees he paid after Northridge Campus' facilities were closed or access was severally limited and events were cancelled.

15.     The System is comprised of the Universities, and make up the country's largest higher education system.[3] The System maintains its principal place of business at 401 Golden Shore, Long Beach, California 90802.

16.     The System is governed by the Board of Trustee's, comprised of five *ex officio* members, one representative of the alumni associations of the System, and sixteen appointive members by the Governor and subject to confirmation by Senate.[4]

17.     Defendants Governor Gavin Newsom, Eleni Kounalakis, Anthony Rendon, Tony K. Thurmond, Timothy P. White, Silas Abrego, Larry L. Adamson, Jane W. Carney, Adam Day, Rebecca D. Eisen, Douglas Faigin, Debra S. Farar, Jean P. Firstenberg, Wenda Fong, Maryana Khames, Lillian Kimbell, Jack McGrory, Huge N. Morales, Romey Sabalius, Lateefah Simon, Christopher Steinhause, and Peter J. Taylor are being sued in their official capacities as members of the Board of Trustees. The Board maintains its principal place of business at 401 Golden Shore, Long Beach, California 90802.

18.     The Universities offer numerous major fields for undergraduate students, as well as a number of graduate programs. The Universities' programs include students from many, if not all, of the states in the country.

## JURISDICTION AND VENUE

19.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendants, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interests and costs.

20.     This Court has personal jurisdiction over Defendants because Defendants maintain its principal place of business in this District.

---

[3] https://www.calstate.edu/impact/campus.html#:~:text=The%20California%20State%20University%20is,with%20more%20than%20427%2C000%20students.

[4] Cal. Ed. Code § 66600, *et seq.*

21.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants reside in this District.

## FACTUAL ALLEGATIONS.

22.     Plaintiff and Class Members have paid, or will pay, tuition and the Mandatory Fees to attend the Universities Spring 2020 semester, Summer 2020 semester, and any future semester where in-person education is not provided.

23.     The Spring 2020 semester at the Northridge Campus began on or about January 21, 2020 and ended on or around May 15, 2020.[5] The Summer 2020 semester began on or about May 26, 2020 and is scheduled to end on or about August 18, 2020.[6]

24.     Tuition costs at the Universities for the Spring 2020 and Summer 2020 semesters for a full-time undergraduate student was approximately $5,742 per semester for California residents. For non-residents, tuition costs were approximately $5,742 per semester plus an additional $264 per quarter unit or $396 per semester unit. For graduate students, tuition ranged from approximately $4,164 per semester to approximately $17,196 per semester.[7]

25.     In addition to tuition, Plaintiff, and the Class members each had to pay the Mandatory Fees for their respective Universities. The Mandatory Fees at the Universities were approximately $847 to $4,201 per semester, depending on which university the student was enrolled with. The Mandatory Fees included: Health Facilities, Health Services, Instructionally Related Activities, Material Services & Facilities, Student Success Fee, Student Association, and Student Center fees.[8]

---

[5] https://www.csun.edu/sites/default/files/AcademicCalendar_19.20.pdf
[6] https://www.csun.edu/sites/default/files/2020-2021_Academic%20Calendar_4_15_2020_1.pdf
[7]    https://www2.calstate.edu/attend/paying-for-college/csu-costs/tuition-and-fees/campus-mandatory-fees
[8]    https://www2.calstate.edu/attend/paying-for-college/csu-costs/tuition-and-fees/campus-mandatory-fees

6

26.     Plaintiff and the members of the Class paid all or part of the applicable tuition for the benefit of on-campus live interactive instruction and an on campus educational experience throughout the entire semester.

27.     Plaintiff and the members of the Class paid the Mandatory Fees for the semester so they could benefit throughout the semester from all of the Universities' facilities and services, recreation, athletics, health and wellness programs, and organizations, among many other benefits that the significant fees were paid to cover.

28.     The Universities have retained the value of the tuition and Mandatory Fees, while failing to provide the services for which they were paid.

29.     Members of the Class have demanded the return of the prorated portion of tuition, and Mandatory Fees, and have taken to online petitions to demand the same.[9]

30.     Despite the demand from members of the Class, the Universities have not provided any refund of the tuition or Mandatory Fees, and continues to retain the monies paid by Plaintiff and the Class.

***In Response to COVID-19, the Universities Closed Campus, Preventing Access to its Facilities and Services, and Cancelled All In-Person Classes***

31.     In response to the COVID-19 pandemic, Northridge Campus created a new section for its website to post news alerts and updates, and to answer frequently asked questions.[10]

32.     On March 11, 2020, the Northridge Campus announced that it was transitioning to virtual instruction after spring break, and that all classes from March 23 through April 19 would be remote online learning only. In order to prepare for the transition, all in-person classes were cancelled from March 12 through March 15.[11]

---

[9]  https://www.change.org/p/california-community-colleges-california-state-university-regents-of-the-university-of-california-demand-ccc-csu-uc-regents-lower-tuition-and-fees-for-spring-quarter-semester-2020; https://www.change.org/p/csu-refund-of-rec-and-student-activity-fees

[10] https://www.csun.edu/COVID-19

[11] https://www.csun.edu/president/csun-transition-virtual-learning-and-alternate-modalities

CLASS ACTION COMPLAINT

33.     On March 17, 2020, the Northridge Campus announced that it will be extending virtual online learning and cancelling all in-person classes for the remainder of the Spring 2020 semester.[12]

34.     In its March 17 announcement, Northridge Campus strongly encouraged students to explore alternative living arrangements, closed the library and student union (with the exception of the computer labs), moved most office functions and services to a remote online format, and postponed the Spring 2020 commencement.[13]

35.     On March 23, 2020, Northridge Campus announced that academic support services, student support services, and administrative services were closed or moved to a virtual platform. This announcement also advised that events, clubs, and organizations were in the process of finding ways to engage virtually.[14]

36.     On March 30, 2020, Northridge Campus announced that it is closing the computer labs in the library and student union.[15]

37.     On April 3, 2020, Northridge Campus announced that it will provide students with the option to receive a Credit or No Credit grade rather than the traditional in-person letter grade.[16]

38.     The Northridge Campus ultimately expanded remote online learning throughout the Summer 2020 semester. Those who have paid tuition for the Summer 2020 semester have not received any discount or refund for the lack of in-person education that was paid for.

---

[12]   https://www.csun.edu/president/accelerating-virtual-instruction-and-social-distancing-students-and-employees

[13]   *Id.*

[14]   https://www.csun.edu/president/returning-instruction-under-new-paradigm

[15]   https://www.csun.edu/president/march-30-covid-19-update-laptop-loaner-program-extended-computer-labs-closing

[16]   https://www.csun.edu/president/alternatives-spring-2020-grading-and-planning-ahead-extended-virtual-instruction

CLASS ACTION COMPLAINT

39.     The Northridge Campus also plans to "offer Fall 2020 courses primarily through virtual instruction."[17] The Fall 2020 semester tuition and Mandatory Fees have not been discounted.

40.     Under the guidance of the Board, the Universities all followed similar protocol and procedures in response to COVID-19. The Universities have not refunded the tuition and Mandatory Fees paid for in-person on campus education, and access to facilities and services that were/are not being provided.

41.     The Universities have not held any in-person classes since mid-March 2020.  Classes that have continued since that time have only been offered in a remote online format with no in-person instruction or interaction.

***The Universities Online Courses Are Subpar to In-Person Instruction, For Which***
***Plaintiff and the Class Members Contracted with the Universities to Receive by***
***Paying Tuition and Fees***

42.     Students attending the Universities did not choose to attend an online institution of higher learning, but instead chose to enroll in the Universities in-person educational program.

43.     On their website, the Northridge Campus markets its on-campus experience as a benefit of enrollment by stating:

## Student Life

Maximize your CSUN experience by getting involved outside of the classroom. Try exploring new interests and meet new people by joining a club or organization, and consider living on campus and studying abroad. Whether you're on or off campus, the transportation and entertainment choices are endless. Need assistance? Services include the Learning Resource Center, Klotz Student Health Center, Student Recreation Center, Oasis Wellness Center, Career Center and the Department of Police Services.[18]

44.     The other Universities similarly market their on-campus experience as a benefit of enrollment:

---

[17] https://www.csun.edu/csunasone/
[18] https://www.csun.edu/collegeportrait/student-life

CLASS ACTION COMPLAINT

Student success is Cal State Fullerton's top priority. We connect students with resources and support specialists to assist with their educational growth and career aspirations. With over 375 clubs and organizations to choose from, students can explore various interests, fields of study, cultural pursuits, and much more!



**STUDENT LIFE AND LEADERSHIP**
Join clubs and organizations, activities, and leadership programs that are right for you.

**STUDENT RECREATION AND WELLNESS**
Participate in campus programs promoting healthy living.



**SUPPORTING YOUR SUCCESS**
Find services and programs supporting your academic success.



**TITAN ATHLETICS**
Join or follow our Division I teams.

[19]

# CAMPUS LIFE

CSULB's diverse and active campus life reflects its student body. With restaurants, student organizations, and hundreds of small and large events, the University offers various programs and services to help students feel engaged and supported throughout their academic careers.

[20]

45.    The online learning options being offered to the Universities' students are sub-par in practically every aspect as compared to what the educational experience afforded Plaintiff and the members of the Class once was.

46.    During the online portion of the semester, the Universities offered some classes through Zoom. Other classes, however, stopped providing the students with any lectures at all and required that the students learn on their own and turn in assignments when due.    Therefore, there was a significant lack of classroom interaction among teachers and students, and among individual students that is instrumental in interpersonal skill development.

47.    The online formats being used by the Universities do not require memorization or the development of strong study skills given the absence of any possibility of being called on in class and the ability to consult books and other materials when taking exams.

---

[19] http://www.fullerton.edu/future-students/life/
[20] https://www.csulb.edu/navigating-grad-studies-at-the-beach/campus-life

CLASS ACTION COMPLAINT

48.     Further, the ability to receive a Credit/No Credit grade rather than a letter grade provides educational leniency that the students would not otherwise have with the in-person letter grading education that was paid for and expected.

49.     Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.

50.     Further, the cancellation of classes by extending spring break and reducing the number of classes delivered deprived Plaintiff and members of the Class of contracted for education.

51.     Access to facilities such as class rooms, libraries, laboratories, computer labs, and study rooms, are also integral to a college education, and access to the myriad activities offered by campus life fosters social development and independence, and networking for future careers, all substantial and materials parts of the basis upon which the Universities can charge the tuition and Mandatory Fees it charges, but are not being provided.

52.     The Universities have not made any refund of any portion of the tuition Plaintiff and the members of the Class paid for the semester for the period it moved to subpar on-line distance learning.

53.     Nor have the Universities refunded the Mandatory Fees it collected from Plaintiff and the members of the Class for the semester even though it limited access to or ceased the services and facilities for which the Mandatory Fees were intended to pay.

54.     Plaintiff and the Class members are therefore entitled to a pro-rated refund of the tuition and Mandatory Fees they paid for the Spring 2020 semester for the remaining days of the semester after classes moved from in-person to online and facilities were closed or severally limited.

55.     Class members who are paying and will continue to pay tuition and Mandatory Fees for the Summer 2020 semester and any future semester in which in-person education is not provided should be entitled to an appropriate refund for the

period of time when in-person classes are cancelled and facilities and services are closed or not offered in person.

56.     Defendants are obligated to uphold the California and United States Constitutions.

57.     By denying Plaintiff and members of the Class in-person learning and on-campus benefits and opportunities, Defendants have violated Article I, §§ 7 and 19 of the California Constitution and the Fifth and Fourteenth Amendments of the U.S. Constitution. Plaintiff and members of the Class are entitled to a pro-rated refund of tuition and Mandatory Fees for the duration of the Universities' COVID-19 related closures for the in-person education and on-campus benefits and opportunities that Plaintiff and members of the Class have been denied.

## CLASS ACTION ALLEGATIONS

58.     Plaintiff brings this case individually and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the class defined as:

> All persons who paid tuition and the Mandatory Fees for a student to attend in-person class(es) during the Spring 2020 semester, Summer 2020 semester, and any future semester at the Universities, but had their class(es) moved to online learning (the "Class").

59.     Excluded from the Class is Defendants, their subsidiaries and affiliates, their officers, directors and members of their immediate families and any entity in which Defendants have a controlling interest, the legal representative, heirs, successors or assigns of any such excluded party, the judicial officer(s) to whom this action is assigned, and the members of their immediate families.

60.     Plaintiff reserves the right to modify or amend the definition of the proposed Class if necessary before this Court determines whether certification is appropriate.

61.     This action has been brought and may properly be maintained on behalf of the Class proposed herein under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

62.   The requirements of Rule 23(a)(1) have been met.   The Class is so numerous that joinder of all members is impracticable.   Although the precise number of Class members is unknown to Plaintiff, the Board has reported that collectively 481,929 students were enrolled for the 2019-2020 academic year at the Universities.[21] The number of Summer 2020 students and future semester enrollment is unknown at this time. The identity of all such students is known to the Defendants and can be identified through the Universities' records.   Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

63.   The requirements of Rule 23(a)(2) have been met.   There are questions of law and fact common to the members of the Class including, without limitation:

a.   Whether the Universities accepted money from Plaintiff and the Class members in exchange for the promise to provide an in-person and on-campus live education, as well as access to certain facilities and services throughout the semester;

b.   Whether Defendants complied with the Constitutional requirements for seizing and retaining Plaintiff's and the Class members' property without providing the services that the tuition and Mandatory Fees were intended to cover;

c.   Whether Defendants afforded Plaintiff and the other Class notice and due process before seizing and retaining their property;

d.   Whether Defendants breached its contracts with Plaintiff and the members of the Class by failing to provide them with an in-person and on-campus live education after mid-March, 2020;

e.   Whether Defendants breached its contracts with Plaintiff and the members of the Class by failing to provide the services and facilities to which the Mandatory Fees pertained after mid-March, 2020;

---

[21] https://www2.calstate.edu/csu-system/about-the-csu/facts-about-the-csu/enrollment

f.     Whether Defendants are unjustly enriched by retaining a portion of the tuition and Mandatory Fees during the period of time the Universities have been closed, and Plaintiff and the members of the Class have been denied an in-person and on-campus live education and access and the services and facilities for which the Mandatory Fees were paid;

g.     Whether Defendants intentionally interfered with the rights of the Plaintiff and the Class when it moved all in-person classes to a remote online format, cancelled all on-campus events, strongly encouraged students to stay away from campus, and discontinued services for which the Mandatory Fees were intended to pay, all while retaining the tuition and Mandatory Fees paid by Plaintiff and the Class; and

h.     The amount of damages and other relief to be awarded to Plaintiff and the Class members.

64.    The requirements of Rule 23(a)(3) have been met.  Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff and the other Class members each contracted with Defendants for it to provide an in-person and on-campus live education for the tuition they paid, and access to the services and facilities for the Mandatory Fees that they paid, that the Universities stopped providing in mid-March.

65.    The requirements of Rule 23(a)(4) have been met.  Plaintiff is an adequate class representative because his interests do not conflict with the interests of the other Class members who he seeks to represent, Plaintiff has retained competent counsel who are experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously.  Class members' interests will be fairly and adequately protected by Plaintiff and his counsel.

66.    Class certification of Plaintiff's claims is also appropriate pursuant to Rule 23(b)(3) because the above questions of law and fact that are common to the Class predominate over questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication

of this litigation.  The damages or financial detriment suffered by individual Class members are relatively small compared to the burden and expense of individual litigation of their claims against the Universities.  It would, thus, be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs committed against them.  Furthermore, individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

## **FIRST CLAIM FOR RELIEF**

### **VIOLATION OF THE "TAKINGS" CLAUSE - 42 U.S.C. § 1983**
### **(On Behalf of Plaintiff and the Class)**

67.   Plaintiff repeats and re-alleges Paragraphs 1 through 66, as if fully alleged herein.

68.   Plaintiff brings this claim individually and on behalf of the other Class members.

69.   The Takings Clause of the Fifth Amendment provides that private property shall not "be taken for public use, without just compensation." U.S. CONST. AMEND. V. The takings clause is made applicable to the states through the Fourteenth Amendment. *See* U.S. CONST. AMEND XIV; *Murr v. Wisconsin*, 137 S. Ct. 1933, 1942, 198 L. Ed. 2d 497 (2017) (citing *Chicago, B. & Q.R. Co. v. Chicago*, 166 U.S. 226, 17 S.Ct. 581, 41 L.Ed. 979 (1897)). Similarly, Article I, § 19 of the California Constitution provides that private property shall not be taken "for public use" unless "just compensation . . . has first been paid . . . ." CAL. CONST. ART. I, § 19. Thus, the Takings Clause of the U.S. and California constitutions prohibits states, and state agencies like the System, from taking private property for public use without just compensation.

CLASS ACTION COMPLAINT

70.     Takings claims may properly be brought against state agencies (such as the System) and against persons in their official capacities (such as the Board) and are not barred by sovereign immunity.

71.     Common law has recognized that there is a property right by an owner in funds held in an account managed by another. Here, the Universities received payments of tuition and Mandatory Fees from private citizens, as consideration for the benefit of receiving in-person course instruction and other on-campus benefits – the funds are thus private in nature but held by a public entity. Plaintiff and the other members of the Class have a protected property right in all sums they paid to the Universities.

72.     Defendants violated the Takings Clause by failing to return to Plaintiff and the other members of the Class that portion of the tuition and Mandatory Fees for which they received nothing, or significantly less, than what they bargained for in return. Neither Plaintiff nor the other Class members have made a knowing and voluntary waiver of their constitutional right under the Fifth Amendment to be paid just compensation for the taking of their property rights in those funds.

73.     Thus, Plaintiff and the Class are entitled to just and reasonable compensation for the taking of their property.

## SECOND CLAIM FOR RELIEF

### DUE PROCESS - 42 U.S.C. § 1983
### (On Behalf of Plaintiff and the Class)

74.     Plaintiff repeats and re-alleges Paragraphs 1 through 66, as if fully alleged herein.

75.     Plaintiff brings this claim individually and on behalf of the members of the Class.

76.     Government actors must provide adequate due process procedures when depriving citizens of protected property interests. U.S. CONST. AMEND. XIV; CAL. CONST. ART. I, § 7.

CLASS ACTION COMPLAINT

77.     The due process clauses of the U.S. and California constitutions prohibits the State of California and the governmental agencies that it forms, such as the System, from depriving citizens of a protected property interest without due process of law.

78.     Plaintiff and the Class members have a constitutionally protected property interest in the tuition and Mandatory Fees they paid for in-person education and on-campus services and opportunities but were denied due to the COVID-19 pandemic.

79.     Defendants took action affecting Plaintiff's and the other Class members' constitutionally protected property interests by seizing and retaining the proceeds from Plaintiff's and other Class members' payment of the tuition and Mandatory Fees.

80.     Defendants deprived Plaintiff and the Class members of their protected property interests without due process of law by, for example:

a.     Failing to provide timely notice to Plaintiff and the Class, whose identity and contact information Defendants either knew, or by exercise or reasonable diligence should have known, of the refundable nature of the tuition and Mandatory Fees;

b.     Failing to design and implement criteria by which the tuition and Mandatory Fees can be refunded to Plaintiff and the Class in light of the Universities ceasing or severally limiting all on-campus in-person lectures and activities due to the COVID-19 pandemic; and

c.     Failing to design and implement a mechanism by which Plaintiff and the other Class can obtain a refund of the tuition and Mandatory Fees in light of the Universities ceasing or severally limiting all on-campus in-person lectures and activities due to the COVID-19 pandemic.

81.     Defendants' failure to comply with the requirements of the Due Process Clause of the United States Constitution in the manners outlined above has resulted in substantial detriment to Plaintiff and the Class.

CLASS ACTION COMPLAINT

# THIRD CLAIM FOR RELIEF

## BREACH OF CONTRACT
### (On Behalf of Plaintiff and the Class)

82.     Plaintiff repeats and re-alleges Paragraphs 1 through 66 as if fully alleged herein.

83.     Plaintiff brings this claim individually and on behalf of the members of the Class.

84.     By paying the Universities tuition and the Mandatory Fees for the semester, the Universities agreed to, among other things, provide an in-person and on-campus live education, as well as access to the services and facilities to which the Mandatory Fees they paid pertained throughout the entire semester.  As a result, Plaintiff and each member of the Class entered into a binding contract with the Universities.

85.     The Universities are in possession of all contracts entered into with Plaintiff and members of the Class.

86.     The Universities have failed to provide this contracted for in-person and on-campus live education as well as the services and facilities to which the Mandatory Fees pertained throughout the semester, yet has retained monies paid by Plaintiff and the Class for a live in-person education and access to these services and facilities during the entire semester.  Plaintiff and the members of the Class have therefore been denied the benefit of their bargain.

87.     Plaintiff and the members of the Class have suffered damage as a direct and proximate result of the Universities' breach in the amount of the prorated portion of the tuition and Mandatory Fees they each paid during the remainder of the Spring 2020 semester, Summer 2020 semester, and for any future semesters.

88.     The Universities should return such portions to Plaintiff and each Class Member.

CLASS ACTION COMPLAINT

# FOURTH CLAIM FOR RELIEF

## UNJUST ENRICHMENT
### (On Behalf of Plaintiff and the Class)

89.     Plaintiff repeats and re-alleges Paragraphs 1 through 66 as if fully alleged herein.

90.     In the alternative, should there be a finding that no contract exists, Plaintiff brings this claim individually and on behalf of the members of the Class.

91.     Plaintiff and members of the Class conferred a benefit on the Universities in the form of tuition and Mandatory Fees paid for the semester. The payment of the tuition and Mandatory Fees were to be in exchange for an in-person and on-campus live educational experience, and for services and facilities to which the Mandatory Fees pertained throughout the entire semester.

92.     The Universities have retained the full benefit of the tuition and Mandatory Fees payments by Plaintiff and the members of the Class for the semester, yet has failed to provide the quality of education and services and facilities for which tuition and the Mandatory Fees were paid, including those for an in-person and on-campus live education, and full access to the Universities services and facilities.

93.     The Universities' retention of the portion of the tuition and Mandatory Fees during the period of time the Universities moved to a remote online education program, encouraged students to stay off campus, and closed or limited access to services and facilities, and Plaintiff and the members of the Class have been denied an in-person and on-campus live education and access and the services and facilities for which the Mandatory Fees were paid, is unjust and inequitable under the circumstances.

94.     Accordingly, the Universities should return the prorated portion of the tuition and Mandatory Fees that Plaintiff and the Class members each paid during the remainder of the Spring 2020 semester, the entirety of the Summer 2020 semester, and any future semesters.

### FIFTH CLAIM FOR RELIEF

**CONVERSION**
**(On Behalf of Plaintiff and the Class)**

95.    Plaintiff repeats and re-alleges Paragraphs 1 through 66 as if fully alleged herein.

96.    In the alternative, should there be a finding that no contract exists, Plaintiff brings this claim individually and on behalf of the members of the Class.

97.    Plaintiff and members of the Class have a right to the services, facilities, and face to face instruction that was supposed to be provided in exchange for their payments of tuition, and Mandatory Fees to the Universities. In the alternative, should those services, facilities, and face to face instruction not be provided, Plaintiffs and members of the Class have a right to be reimbursed pro-rated tuition and Mandatory Fees.

98.    The Universities intentionally interfered with the rights of the Plaintiff and the Class when it moved all in-person classes to a remote online format, cancelled all on-campus events, and discontinued services for which the Mandatory Fees were intended to pay, all while retaining the property (tuition and Mandatory Fees) paid by Plaintiff and the Class.

99.    Class members demanded the pro-rata return of their tuition and Mandatory Fees for the period of time in the semester when the Universities switched to remote online learning, encouraged students to stay off campus, and stopped providing the services for which the Mandatory Fees were intended to pay.

100.   The Universities' retention of the tuition and Mandatory Fees paid by Plaintiff and the Class without providing the services for which they paid, deprived Plaintiff and Class of the benefits for which the tuition and Mandatory Fees were paid.

101.   The Universities' interference with the services for which Plaintiff and the Class paid harmed Plaintiff and the Class in that the Universities have retained property (funds) that rightfully belong to the Plaintiff and Class.

102.    The Universities intend to permanently deprive Plaintiff the Class of these funds.

103.    The Universities have wrongfully converted these specific and readily identifiable funds.

104.    Plaintiff and the Class are entitled to the return of the remaining pro-rated amounts of tuition and Mandatory Fees for the remainder of the Spring 2020 semester, the entirety of the Summer 2020 semester, and for any future semesters.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of Plaintiff and the Class against Defendants as follows:

(a)     For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

(b)     For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(c)     For compensatory damages in an amount to be determined by the trier of fact;

(d)     For an order of restitution and all other forms of equitable monetary relief;

(e)     Awarding Plaintiff's reasonable attorneys' fees, costs, and expenses;

(f)     Awarding pre- and post-judgment interest on any amounts awarded; and,

(g)     Awarding such other and further relief as may be just and proper.

/ / /

/ / /

CLASS ACTION COMPLAINT

1

## DEMAND FOR TRIAL BY JURY

2

Pursuant to the Federal Rule of Civil Procedure 38(b), Plaintiff demand a trial by

3

jury of any and all issues in this action so triable of right.

4

Dated: July 31, 2020                                  **CARLSON LYNCH LLP**

5

By:   */s/Todd D. Carpenter*

6

Todd D. Carpenter (234464)
1350 Columbia St., Ste. 603

7

San Diego, CA 92101
Tel.:   619-762-1900

8

Fax:   619-756-6991
tcarpenter@carlsonlynch.com

9

10

**CARLSON LYNCH LLP**
Gary F. Lynch

11

glynch@carlsonlynch.com
Edward W. Ciolko

12

eciolko@carlsonlynch.com
1133 Penn Avenue, 5th Floor

13

Pittsburgh, PA 15222
Tel.:   (412) 322-9243

14

Fax:   (412) 231-0246

15

*Counsel for Plaintiff and Proposed Class*

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT